IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

BOBBY FULKS, JR., and
ANTOINETTE FULKS, Husband and Wife,

    Plaintiffs,

vs.

HEUBEL MATERIAL HANDLING, INC.,
and NATUREWORKS, LLC,

Case No. 8:15-CV-260

    Defendants,

vs.

MENLO LOGISTICS, INC.,

    Third-Party Plaintiff.

## PROTECTIVE ORDER REGARDING CONFIDENTIALITY
## OF DOCUMENTS AND MATERIALS

### RECITALS

WHEREAS plaintiffs, Bobby Fulks, Jr. and Antoinette Fulks ("Plaintiffs"), defendant, Natureworks, LLC ("Natureworks"), and third-party plaintiff, Menlo Logistics, Inc. ("Menlo") by and through their attorneys of record, now seek and may in the future seek to have Heubel Material Handling, Inc. ("Heubel") make available for inspection and/or copying, documents, information and various materials in the above-entitled matter;

WHEREAS Heubel contends that some of these documents, this information and these other materials are in whole or in part proprietary information, confidential business records, and/or trade secrets, all of which constitute competitively sensitive data;

WHEREAS Heubel requires that the confidentiality of the documents and/or materials, and the information contained in the documents and materials, be maintained, as well as the confidentiality of the fact of the existence of the documents and materials and their description and identity; and

WHEREAS the parties and their attorneys have agreed to comply with the letter and intent of said confidentiality;

**<u>STIPULATION</u>**

IT IS HEREBY STIPULATED THAT:

1. At such time as Heubel delivers to Plaintiffs, Natureworks, or Menlo or their respective attorneys any documents or materials by way of discovery in this case, or divulge any documents or materials or any information contained therein, Heubel shall designate as "CONFIDENTIAL" any such documents, materials, or information Heubel claims constitute or contain trade secrets, confidential business information, or competitively sensitive data.

2. Plaintiffs, Natureworks, and Heubel, and their respective attorneys shall not give, show, or otherwise directly or indirectly disclose any such confidential documents, materials or information produced by Heubel in this action, or the substance thereof, or the existence thereof, or any copies, prints, negatives or summaries thereof, and will not disclose the fact of the existence thereof, to any entity or person except Plaintiffs, Natureworks, or Menlo, any agents, experts or consultants employed by Plaintiffs, Natureworks, or Menlo, or their respective attorneys, insurers, reinsurers, regulators, and accountants, in connection with and solely for this action.

3. Any and all of the parties' experts, consultants and/or counsel associated in this litigation and any other individuals who are to have access to confidential documents, materials and/or information subject to this Stipulation and Protective Order, or to the substance thereof, or to any copies, prints, negatives or summaries thereof, shall be presented with a copy of this Stipulation and Protective Order. A Declaration in the form of Exhibit "A" attached hereto shall be executed by such experts, consultants, counsel and/or other persons who are to have access to the confidential documents, materials and/or information, stating that they will comply with the provisions of this Stipulation and Protective Order; provided, however, that execution by counsel

shall be sufficient to bind the party represented by such counsel, and such party's insurers, reinsurers, regulators, and accountants. Such Declaration shall be returned to the attorneys who provided access to the confidential documents, materials and/or information and be maintained by them. Those experts, consultants, counsel, and/or other individuals who are to have access to confidential documents, materials and/or information subject to this Stipulation and Protective Order shall not give, show, or otherwise, directly or indirectly, disclose any of the confidential documents, materials and/or information subject to this Stipulation and Protective Order, or the substance thereof, or the existence thereof, or any copies, prints, negatives, or summaries thereof, to any entity or person, except as may be necessary in preparing to render, or rendering, expert advice or assistance in this lawsuit only, or as otherwise required by law or regulation.

4. The parties to this action and their attorneys agree that all objections, including, but not limited to, objections based on relevancy, materiality, and privilege, are reserved and all questions of admissibility may be asserted at the time of trial of any action in which such confidential documents and/or materials are used or proffered should any such party deem it proper.

5. Confidential documents and materials shall be so designated by prominent markings placed on each document or item at or before the time the document or item is divulged or produced for inspection. The parties, their attorneys, their experts, , and any other individuals provided access to confidential documents, materials and/or information shall limit the number of copies to that which is absolutely necessary to adequately prepare their case and shall ensure that copies are returned to their attorneys. Any and all copies shall be treated in accordance with the terms of this Stipulation and Protective Order.

6. Any party claiming that information designated by the other party as confidential has been in the possession of such first party or has been in the possession of the public prior to

disclosure of such information in discovery herein shall have the burden of proving such earlier possession or such public knowledge of such information.

7. By this stipulation the parties do not waive any rights they may possess to compel further discovery responses or to object to any further discovery requests made by either party.

8. Any confidential documents, materials and/or information attached as an exhibit to any deposition taken in this action, and any deposition testimony containing information from confidential documents, materials and/or information, and any papers filed with the court in this action, which include or summarize any deposition transcripts, testimony, or exhibits containing confidential information, as described herein, shall be filed with restricted access protection and a motion for court approval to do so in accordance with this court's local rules. Similarly, any confidential documents, materials and/or information produced during discovery and/or offered and/or admitted into evidence during pre- trial proceedings, trial, or post-trial proceedings, and any testimony relating to such confidential documents, materials and/or information, and any papers, affidavits, declarations, memoranda or other pleadings filed with the Court in this action, which attach, include, quote, or summarize any such confidential documents, materials and/or information shall likewise be filed with restricted access protection and a motion for court approval to do so in accordance with this court's local rules. The use of such confidential documents, materials and/or information during depositions, such productions, and/or offerings and/or admissions into evidence, and/or inclusion in any papers, affidavits, declarations, memoranda or other pleadings in this action does not waive the terms of this Stipulation and Protective Order.

9. Within thirty (30) days after the conclusion of the trial and any appeals in this action and the satisfaction of any judgment, or upon the conclusion of any settlement, any confidential documents, materials and/or information, or any papers, pleading or memorandum purporting to reproduce or paraphrase such documents, materials and/or information, including

4

all copies thereof in the court records, will be released from the court records and returned to Heubel's attorneys. Moreover, within thirty (30) days after conclusion of the trial and any appeals in this action and the satisfaction of any judgment, or upon the conclusion of any settlement, Plaintiffs' attorneys shall return to counsel for Heubel all confidential documents, materials and/or information in the possession of the parties, their attorneys, their agents, or experts, consultants, or any other person who has signed a Declaration in the form of Exhibit "A", produced under the terms of this Stipulation and Protective Order except for one copy which only one attorney for Plaintiffs, Natureworks, and Menlo, respectively, shall keep for the sole purpose of having a complete record of the work they conducted should Plaintiffs, Natureworks, or Menlo complain about the quality of work performed by their respective counsel in the context of a legal malpractice or negligence case This copy shall be returned or destroyed no later than the fourth anniversary of the dismissal of this case and counsel shall confirm destruction in the event the single copy is not returned.

10. Should Plaintiffs, Natureworks, or Menlo propose to include in any affidavit, declaration, memorandum or other pleading, intended to be filed with the court in the file of this subject action, any excerpts, quotes, paraphrases or purported summaries of any confidential information, Plaintiffs, Natureworks, or Menlo shall file such material under restricted access protection and move the court for approval to do so in accordance with this court's local rules.

10. The court shall expressly reserve the right and jurisdiction to make such further protective orders in this matter as may be required to protect the parties and the secrecy, confidentiality, proprietary and trade secret aspect of any information to be revealed through the discovery process.

11. Prior to the trial of the above matter, counsel for the parties shall seek to reach agreement on the handling of information and documents covered by the Stipulation and Order at trial so as to provide protection against public disclosure without in any way infringing on the

rights of the parties to present any evidence they deem necessary at such trial, and shall submit such agreement, or proposals if no agreement can be reached, to the court for its direction or decision.

12. The terms of this Stipulation and Protective Order shall remain fully active until released by written consent of Heubel. The Court shall retain jurisdiction over the parties, this Stipulation and Protective Order, and recipients of confidential documents, and materials for the sole purpose of enforcing this Stipulation and Protective Order and adjudicating claims of breaches thereof and administering damages and other remedies related thereto. The provisions of this Stipulation and Protective Order shall continue to be binding as to the confidential documents, materials and/or information produced pursuant to it.

13. If, within 30 days of the production of any document or information that Heubel has marked as Confidential and subject to the terms of this Stipulation and Protective Order, any other party advises the Heubel that such documents or information should not have been marked Confidential and are not subject to the terms of this Stipulation and Protective Order, the burden will be on the Heubel, within 21 days of receipt of such notice from the Plaintiffs, to file a motion to have the disputed documents or information covered by this Stipulation and Protective Order. During the pendency of any such motion, the documents will be considered covered by this Stipulation and Protective Order.

IT IS SO ORDERED.

Dated this 16th day of February, 2016.

BY THE COURT

_____
The Honorable Cheryl R. Zwart
United States Magistrate Judge

**EXHIBIT A**
**TO STIPULATION AND PROTECTIVE ORDER**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

BOBBY FULKS, JR., and
ANTOINETTE FULKS, Husband and Wife,

    Plaintiffs,

vs.

HEUBEL MATERIAL HANDLING, INC.,
and NATUREWORKS, LLC,

Case No. 8:15-CV-260

    Defendants,

vs.

MENLO LOGISTICS, INC.,

    Third-Party Plaintiff.

**ACKNOWLEDGMENT OF CONFIDENTIALITY**
**STIPULATION AND PROTECTIVE ORDER**

I hereby acknowledge that I have read the Stipulation and Protective Order between Plaintiffs and Heubel in the above-referenced matter and I agree to be bound by its terms. I also agree to submit to the jurisdiction of the United States District Court, District of Nebraska, for enforcement of said Order.

Dated: _____     Signed by: _____

                          Printed Name of Person to be Bound: _____

                          Address and Telephone Number: _____

                                                                   _____

STATE OF _____ )
                            )
COUNTY OF _____ )